UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MELODIE MACATEE,**

    **Plaintiff,**

vs.

**TRILOGY SENIOR LIVING LLC AND
EC OPCO CARROLLWOOD, LLC
d/b/a SODALIS TAMPA**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MELODIE MACATEE, hereinafter referred to as "PLAINTIFF" by and through her undersigned attorneys, hereby sues the Defendant, TRILOGY SENIOR LIVING LLC hereinafter referred to as "TRILOGY" and ECO OPCO CARROLLWOOD, LLC d/b/a SODALIS TAMPA, hereafter referred to as "SODALIS", collectively known as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because

Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

5. Plaintiff then received a Notice of Right to Sue from the EEOC.

6. More than 180 days have passed since the filing of the Charge of Discrimination.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## PARTIES

8. Plaintiff was and is a resident of Pasco County, Florida.

9. Defendant, Trilogy is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

10. Defendant, Sodalis is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

## GENERAL ALLEGATIONS

11. At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

12. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

13. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

14. Plaintiff requests a jury trial for all issues so triable.

## FACTS

15. Plaintiff began her employment with Solaris in March 2021, in the position of ALF Executive Director.

16. Plaintiff assumed the same position when Trilogy was contracted to manage and operate the facility effective November 1, 2021.

17. Prior to Trilogy assuming management of the facility, Plaintiff had been told that she would be eligible for FMLA leave in connection with her pregnancy.

18. In October 2021, as Trilogy prepared to assume management of the facility, Plaintiff met with Trilogy executes in Texas, including Trilogy's President Traci Roberts and notified Ms. Roberts of her pregnancy.

19. Amy Cayce, Trilogy's Director of Human Resources, informed Plaintiff

that she would no longer be eligible for FMLA in March.

20. Upon Plaintiff's return to Florida, she was contacted by Ms. Roberts who informed her that they would work with her and that her pregnancy would not be a problem.

21. On January 6, 2022, Dennis Knapp, Regional Director of Operations and Shelby Anderson, Trilogy's Regional Marketing Director, arrived at Plaintiff's ALF location and notified Plaintiff that she was being terminated.

## COUNT I
## TITLE VII – PREGNANCY DISCRIMINATION ACT

22. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 21.

23. Plaintiff is a member of a protected class under Title VII.

24. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of The Pregnancy Discrimination Act.

25. Defendants knew or should have known of the discrimination.

26. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

    a. Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering;

      e.      Punitive damages;

      f.      For costs and attorneys' fees;

      g.      Injunctive relief;

      h.      For any other relief this Court deems just and equitable.

## COUNT II
## FCRA- GENDER DISCRIMINATION

27. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 21.

28. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

29. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of her gender in violation of the Florida Civil Rights Act.

30. Defendants knew or should have known of the discrimination.

31. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

      a. Back pay and benefits;

      b. Interest on back pay and benefits;

      c. Front pay and benefits;

      d. Compensatory damages for emotional pain and suffering;

      e. Punitive damages;

      f. For costs and attorneys' fees;

      g. Injunctive relief;

      h. For any other relief this Court deems just and equitable.

## COUNT III
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

32. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 21.

33. Defendants' actions interfered with Plaintiff's rights under the FMLA.

34. Defendants' actions constitute violations of the FMLA.

35. As a result of Defendants' unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for the following damages:

      a. Back pay and benefits;

      b. Interest;

      c.      Liquidated damages;

      d.      Attorney's fees and costs;

      e.      Equitable relief;

      f.      Such other relief as is permitted by law.

## COUNT IV
## (FMLA DISCRIMINATION/RETALIATION)

36. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 21.

37. Defendants retaliated against Plaintiff for asserting her FMLA rights.

38. Defendants' actions constitute violations of the FMLA.

39. As a result of Defendants' actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 16th day of February 2023.

                                    FLORIN GRAY BOUZAS OWENS, LLC

                                    */s/ Scott L. Terry*
                                    Scott L. Terry
                                    Florida Bar No.: 77105
                                    sterry@fgbolaw.com
                                    Wolfgang M. Florin

Florida Bar No. 907804
wflorin@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff